### WILLETTS *v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

EMINENT DOMAIN—COMPENSATION—JUDGMENT ON APPEAL.
On application for an injunction *nisi* against the operation of an elevated railroad in front of plaintiff's premises, and for damages occasioned by such operation, the value of the premises was fixed at $30,000 in 1872, and the evidence showed that it was of the same value at the time of suit, while the value of property in the vicinity, but not on the line of the railroad, had advanced from 18 to 20 per cent. in that period.   The court granted the injunction, and made relief therefrom conditional on the payment of $8,000, as damages to the fee.   *Held,* that the damages were excessive, but, as all proof necessary to fix their actual amount is before the appellate court, the judgment will be affirmed on condition that plaintiff consent to reduce the fee damages to $5,400; otherwise it will be reversed.

Appeal from special term, New York county.

This was an equitable action by William Henry Willetts against the New York Elevated Railroad Company and the Manhattan Railroad Company, to obtain an injunction *nisi* against the operation of defendants' road in front of plaintiff's premises, and to recover damages and loss of rents occasioned by such operation.   There was judgment for plaintiff, and defendants appeal.

Argued before VAN BRUNT, P. J., and BARRET, J.

*Davies & Rapallo,* (*Julien T. Davies, S. B. Rogers,* and *Arthur O. Townsend,* of counsel,) for appellants.   *Burrill, Zabriskie & Burrill,* (*John E. Burrill* and *J. Archibald Murray,* of counsel,) for respondent.

VAN BRUNT, P. J. All the questions of law discussed upon this appeal have been so repeatedly disposed of by this court that it is unnecessary here to refer to the same. The learned justice who tried this case, however, seems to have fallen into an error in respect to the amount of damage established by the evidence. This error probably arose because of the multitudinous character of the findings presented, and which he deemed it necessary to pass upon. He has found that the fee value of the plaintiff's premises in the year 1872 was $30,000, and the plaintiff's witness showed that the present value of the premises was about the same sum, and the same witness stated that the value of property in the vicinity of the premises in question, but not on the line of the railway, was at the present time from 10 to perhaps 18 to 20 per cent. higher than it had been in 1872, and this is the outside limit shown by the evidence. Giving the plaintiff the full benefit of this alleged rise in value, the total damage could not exceed from $5,400 to $6,000, instead of the $8,000 found by the court. This action being in equity, and the object of the ascertainment of the amount of damage being to determine what the defendants should justly pay to relieve themselves from the operation of the injunction to which the plaintiff is legally entitled, we do not think that there should be an absolute reversal upon the question of the amount to be paid, leaving the injunction to stand, as we can determine what the proof shows in connection with the findings made by the court below to be the actual damage sustained. Upon a consideration of all the evidence in the case, in view of the finding of value in 1872, that the damage shown is the sum of $5,400, the evidence might have justified a finding of a higher value in 1872 than was found; but, taking the finding as it is, we think that the sum named is a fair sum to be paid for the easements taken by the defendants. The judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide event, unless the plaintiff stipulates to reduce the amount of fee damage to $5,400, in which case the judgment should be so modified, and as modified affirmed, without costs.